STATE of Missouri, Respondent,

v.

Jerome RUFF, Appellant.

No. 40656.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 16, 1979.

Robert A. Hampe, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, James R. Cumbee, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

The state charged defendant Jerome Ruff with armed robbery. He does not challenge the sufficiency of the state's evidence; his defense was alibi. The jury found defendant guilty and pursuant to its verdict the court assessed punishment at imprisonment for 25 years.

■ By defendant's first point he contends the trial court erred in denying his motion to suppress his identification by the robbery victim. This, on the ground that on the morning of trial the prosecutor had shown the victim a photograph of defendant, which he contends was impermissibly suggestive. At the evidentiary hearing the victim testified he had glanced at the photograph, but that it did not refresh his recollection of the defendant because "I positively identified him." On direct examination the victim testified that at the scene of the crime, a well-lighted room, he had observed defendant for almost an hour, and a week later had identified him to arresting officers. The victim had given police a description that fit the defendant. The alleged infirmity in pre-trial display of defendant's photograph to the victim must be measured against the other positive evidence concerning identification. Defendant has utterly failed to show, as he must, that under the totality of the circumstances the victim's identification of the defendant was not reliable. Compare *State v. Dickerson*, 568 S.W.2d 559 (Mo.App.1978).

■ We also deny defendant's contention that the court erred in permitting the state to impeach its own witness, Nathaniel Ellis. As a foundation the prosecutor declared Ellis had led him to believe he had known defendant since high school days and would identify him as one of the three robbers. At trial Ellis testified squarely to the contrary. Ellis then denied he had named defendant to police as one of the robbers. By leave of the court the state then impeached Ellis by the testimony of officer Vincent Edwards who testified Ellis had told him he had in fact known defendant as one of the robbers who was a former schoolmate of his named Jerome.

The oft-cited case of *Crabtree v. Kurn*, 351 Mo. 628, 173 S.W.2d 85 [9–12] (1943) establishes the principle that when a party is surprised by unfavorable testimony from its own witness that party may cross examine the witness as to previous inconsistent statements, and if denied, may then impeach the witness by other witnesses to show those inconsistent statements had in fact been made by the challenged witness. The principle has been consistently followed. *State v. Williams*, 522 S.W.2d 641 [5, 6] (Mo.App.1975). We hold the trial court did not err in permitting the challenged impeachment.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.