Jerome RUFF, Appellant,

v.

Donald WYRICK, Warden, Appellee.

No. 82–2288.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1983.
Decided June 15, 1983.

Mark G. Zellmer, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before LAY, Chief Judge, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Jerome Ruff appeals from the order of the district court, the Honorable Clyde S. Cahill presiding, denying his petition for habeas corpus relief. Ruff claims on appeal that the district court erred in denying him relief because (1) a pretrial photographic display tainted the in-court identification testimony of the state's main witness; and (2) the state was improperly permitted to introduce prior oral statements to impeach its own witness. For the reasons set forth below, we affirm the judgment of the district court.

Ruff was convicted by a jury of armed robbery and sentenced to a term of imprisonment.[1] The jury found that Ruff and a companion entered the home of Walter White on September 15, 1977, and forcibly robbed and tortured him. White testified the robbers were in his home approximately 45 minutes. He was able to see them much of this time and described the robbers to the police. On September 22, 1977, White

1. His conviction was affirmed on direct appeal in *State v. Ruff,* 589 S.W.2d 322 (Mo.App. 1979), the court rejecting the same contentions raised by Ruff in this proceeding.

saw Ruff standing outside of the apartment complex where White lives. White watched Ruff for a few minutes and saw him enter an apartment. White then notified the police that Ruff was one of the men who robbed him.

## I.

█ On the morning of Ruff's trial, May 24, 1978, the prosecutor showed White a single photograph of Ruff with Ruff's name on it. At a hearing on Ruff's motion to suppress identification, White testified that he glanced at the photograph, but that it did not refresh his recollection of the defendant because he had already positively identified him. White identified Ruff in court and testified that his identification was not based on the photograph, but on his observation of Ruff at the time of the robbery.

Ruff contends that the prosecutor's display of a single photograph to the major witness was impermissibly suggestive and created a substantial likelihood of misidentification. See Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). The trial court found that the display of the single photograph was impermissibly suggestive and "an objectionable method of pretrial identification." See United States v. Dailey, 524 F.2d 911, 914 (8th Cir.1975); United States v. Cook, 464 F.2d 251, 253 (8th Cir.) (per curiam), cert. denied, 409 U.S. 1011, 93 S.Ct. 457, 34 L.Ed.2d 305 (1972).[2] However, the trial court found that under the totality of the circumstances, the in-court identification was reliable. The court applied the factors enumerated in Neil v. Biggers, 409 U.S. at 199, 93 S.Ct. at 382, and concluded that the in-court identification was not tainted by the photographic display. We agree with the trial court's analysis and find there was not a substantial likelihood of misidentification.

## II.

Ruff next contends that he was denied his right to confront witnesses when the prosecution was permitted to impeach its own witness through the use of prior oral statements. Ruff complains that the statements were introduced as substantive evidence, the court failed to give a limiting instruction, and the state lacked the necessary foundation to use such statements.

The prosecution's witness, Nathaniel Ellis, was another tenant in White's apartment complex. Ellis had told the investigating police officer and the prosecutor that he saw Ruff leaving the scene of the robbery and recognized him from high school. At trial, however, Ellis recanted his statement and testified that Ruff was not the man he had seen at the scene, but that he recognized Ruff from school. The prosecutor claimed surprise and prejudice from this testimony and was permitted to call the investigating police officer for the purpose of impeaching Ellis.

█ The district court observed that the admissibility of evidence is a matter of state law and does not usually form the basis for habeas corpus relief. The trial error must be so great as to amount to a denial of due process before habeas relief may be granted. Maggitt v. Wyrick, 533 F.2d 383, 385–86 (8th Cir.), cert. denied, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976). The district court concluded that Ruff did not show such a denial. Missouri's law of evidence allows a party to impeach its own witness when the party is surprised and prejudiced by the testimony. Crabtree v. Kurn, 351 Mo. 628, 647, 173 S.W.2d 851, 859

---

**2.** We agree that the single photographic display is unnecessarily suggestive, especially in a case such as this one in which the witness has independently identified the perpetrator. We question the ethical propriety of the prosecutor for using suggestive photographic displays and unnecessarily creating a substantial probability of error on appellate review. The Supreme Court has consistently questioned the use of a single photograph for pretrial identification and has encouraged the use of a reasonable photographic display. See Manson v. Brathwaite, 432 U.S. 98, 117, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977); Simmons v. United States, 390 U.S. at 383, 88 S.Ct. at 970.

(1943). Federal law is consistent. *See United States v. Dunmore,* 446 F.2d 1214, 1220–21 (8th Cir.1971) (testimony must aid opposing party), *cert. denied,* 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972). The prosecutor's case was weakened by Ellis' testimony because Ellis had been the state's only witness, other than the victim, to place Ruff at the scene of the crime, and Ruff's defense was that he was not in the area at the time. The district court concluded that the impeachment was properly allowed and did not violate due process. From our review of the record and the case law, we agree.

Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir. R. 14.