**Joel R. EVANS, Petitioner,**

v.

**Harold CLARKE, Respondent.**[*]

**CV87–L–279.**

United States District Court,
D. Nebraska.

Jan. 28, 1988.

---

* Harold Clarke was substituted for Gary Gram- mer as respondent by order of the court.

---

## MEMORANDUM ON REPORT AND RECOMMENDATION OF THE MAGISTRATE

URBOM, District Judge.

The magistrate's report and recommendation of December 24, 1987, recommended that the petition for writ of habeas corpus be granted with respect to the petitioner's seventh claim. That claim is that the petitioner was denied the effective assistance of counsel on direct appeal, in violation of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when counsel was permitted to withdraw after filing a nonadvocatory brief.

The respondent has objected on three grounds: (1) error in interpreting *Robinson v. Black,* 812 F.2d 1084 (8th Cir.1987), *petition for cert. filed,* as not requiring a showing of actual prejudice; (2) error in failing to find the Nebraska Supreme Court did not make a finding that petitioner's direct appeals were wholly frivolous; and (3) error in failing to find any error committed by court-appointed counsel in the preparation of motions to withdraw from petitioner's direct appeals was harmless beyond a reasonable doubt.

As for issue (1), I think the magistrate has interpreted *Robinson v. Black* correctly. Whether the circuit court's panel in the *Robinson* case was correct, I offer no view, but it appears to me that the court's resolution necessarily concludes that actual prejudice—a reasonable probability that the result of the proceeding would have been different but for counsel's actions—is not

required where appellate counsel on a petition to withdraw under *Anders* files a brief affirmatively arguing against the client's cause. The case at bar is such a case.

As to issue (2), I see nothing in the respondent's brief or in the file that points out anything to indicate that the Nebraska Supreme Court made a finding that the petitioner's direct appeals were wholly frivolous. The court's ruling was dated July 8, 1981, and stated only:

> "Motion of court-appointed counsel for leave to withdraw appearance, sustained; judgment affirmed; see Rule 20A–8." (Exhibit 9)

Rule 20A–8 of the rules of the Supreme Court of Nebraska provided:

> "Upon consideration of a motion under Rule 1e(1) (setting out the procedure for appointed counsel to seek leave to withdraw on grounds that the appeal 'is wholly frivolous,' but saying nothing about the effect of the court's ruling on such a request) and a review of the record if it shall appear to the court that the decision of the trial court should be affirmed or reversed, the court may take such action on its own motion."

While the filing of a motion to withdraw may carry the necessary implications that *counsel* thinks the appeal is frivolous, neither the filing nor the rule implies a finding by the *court* of frivolousness if the trial court's action is affirmed. The Supreme Court of the United States specified in the *Anders* opinion that the procedure must be that the *court*—not counsel—decides whether the case is wholly frivolous. *"If it so finds* it may grant counsel's request to withdraw and dismiss the appeal ... or proceed to a decision on the merits." *Anders v. California,* 386 U.S. 738 at 744, 87 S.Ct. 1396 at 1400, 18 L.Ed.2d 493 (1967), (emphasis added).

Twice the petitioner has gone before the Supreme Court of Nebraska on post-trial proceedings. The first is reported at 218 Neb. 849, 359 N.W.2d 790 (1984). As to the court's action on direct appeal, the court in the first post-conviction opinion said only, "Motions to withdraw filed by his counsel were sustained and the judgments affirmed

on July 8, 1981." The opinion says nothing to the effect that the issues raised in either the direct appeal or in the first post-trial proceeding were wholly frivolous.

The second post-conviction appeal is reported at 224 Neb. 64, 395 N.W.2d 563 (1986). The court said:

"On direct appeal the records in all four cases were examined by this court and found to be free from prejudicial error. Motions to withdraw filed by the defendant's counsel were sustained and the judgments affirmed on July 8, 1981."

The only mention of a "frivolous issue" appears at 224 Neb. at 69, 395 N.W.2d 563 where the court says that counsel cannot be faulted for not raising a "frivolous issue" regarding compelling the petitioner to provide a handwriting exemplar without the assistance of counsel.

In summary, neither the Supreme Court of Nebraska's ruling of July 8, 1981, the rule it cited, nor the post-conviction opinions shows any signs of that court's having held the petitioner's direct appeal or appeals to have been wholly frivolous. The magistrate made no error.

As to issue (3), the court-appointed counsel's motions to withdraw and the submitting of a non-advocatory brief were not harmless beyond a reasonable doubt. The magistrate's report and recommendation's footnote 4 adequately illustrates this.

I shall adopt that recommendation and report.

### ORDER ON REPORT AND RECOMMENDATION OF THE MAGISTRATE

In accordance with the report and recommendation of the magistrate, filing 8, and my memorandum on report and recommendation of the magistrate of today,

IT IS ORDERED: that the petition for writ of habeas corpus is granted with respect to the petitioner's seventh claim, concerning the denial of the effective assistance of counsel on direct appeal, and the respondent is ordered to release the petitioner unless, within a reasonable time after judgment becomes final and the petitioner's counsel files with the Supreme Court of Nebraska the appropriate motions, the Supreme Court of Nebraska grants petitioner leave to reinstate his direct appeal and appoints counsel for him to present to that court all arguable issues.

In the United States District Court

for the District of Nebraska

CV87–L–279

Joel R. Evans, Petitioner,

v.

Gary Grammer, Respondent.

December 24, 1987

### REPORT AND RECOMMENDATION

Petitioner, an inmate at the Nebraska State Penitentiary, has submitted a petition for habeas corpus pursuant to 28 U.S.C. § 2254. He is currently serving a term of imprisonment of not less than forty-five nor more than eighty years following his convictions in Douglas County District Court stemming from four separate robbery incidents. These robberies occurred at Jack & Mary's Restaurant, the Village Inn Pancake House, Gorat's Steak House, and Osco Drug. During 1980 a consolidated trial was held on the 21st and 22nd of July for the robberies at the Village Inn and Gorat's Steak House, and a separate trial concerning the robberies at Jack & Mary's Restaurant was held on the 8th and 9th of September. On September 30, 1980, the petitioner entered a plea of guilty to the charges stemming from the Osco Drug robbery.[1] His convictions and sentences were summarily affirmed on July 8, 1981, on direct appeal to the Nebraska Supreme Court pursuant to Rule 20A–8, after his court-appointed attorney was permitted to withdraw under Rule 1e(1). Petitioner's

---

1. The record indicates that in exchange for the petitioner's guilty plea, the prosecutor agreed to dismiss the charges of robbery and use of a firearm in the commission of a felony stemming from robberies at (i) LaCasa Pizzeria, (ii) the Surfco Gas Station, (iii) Kentucky Fried Chicken, (iv) the 400 Oil Company, and (v) Jim's 400 Service Station. (BOE, Doc. 107, No. 407, 7:25–9:24).

request to proceed *pro se* was also subsequently denied on July 28, 1981. His subsequent action for post-conviction relief was denied by the District Court of Douglas County, Nebraska; that decision was affirmed on appeal by the Nebraska Supreme Court in *State v. Evans*, 218 Neb. 849, 344 N.E.2d 509 (1984). His second action for state post-conviction relief was likewise denied by the Douglas County District Court and again affirmed on appeal. *State v. Evans*, 224 Neb. 64, 395 N.W.2d 563 (1986) (per curiam). He then filed with this court the present petition for writ of habeas corpus, raising the following claims for relief:

1. Petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated when the trial court admitted the in-court and out-of-court identifications of the petitioner by the various witnesses, given the impermissibly and unnecessarily suggestive pretrial identification procedures.

2. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment, in failing to raise a proper due process challenge to the identification testimony elicited at the trials.

3. Petitioner's trial counsel rendered constitutionally ineffective assistance of counsel, in violation of the Sixth Amendment, in refusing to call petitioner's brother-in-law as an alibi witness in the trial concerning the robberies at Jack & Mary's Restaurant.

4. Petitioner's rights under the Fifth Amendment were violated when, during the trial of the Gorat's Steak House robbery, the prosecutor committed misconduct of constitutional proportions by purportedly commenting on a failure to testify on the part of the petitioner.

5. Petitioner's right to a fair trial under the Sixth and Fourteenth Amendments was violated when the prosecutor—outside the presence of the judge, the petitioner, and his counsel—allegedly communicated with the jury inside the jury room, just prior to the returning

of the verdicts in the trial of the Village Inn Pancake House and Gorat's Steak House robberies.

6. Petitioner's rights under the Due Process Clause of the Fourteenth Amendment was violated because the presentence report prepared by the probation office and used by the trial court in sentencing petitioner purportedly contained false, inaccurate, and misleading information.

7. Petitioner was denied the effective assistance of counsel on direct appeal, in violation of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when counsel, in failing to raise the claims which petitioner now seeks to raise, was permitted to withdraw after filing a nonadvocatory brief.

## I

■ Before this court may consider the petitioner's claims on the merits, 28 U.S.C. § 2254(b) requires that each claim must be found "exhausted." Exhaustion has generally been interpreted as meaning that the precise claims sought to be raised in federal court must have first been presented to the highest court of the state in which the petitioner was convicted. *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980), *cert. denied*, 459 U.S. 1175, 103 S.Ct. 824, 74 L.Ed.2d 1020 (1983). If not, the claims may nevertheless be considered exhausted if (i) no procedure is presently available for the petitioner to obtain a determination on the merits of the claims in state court, *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), and (ii) the petitioner has not waived his opportunity to present the claims. *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) ("deliberate bypass"); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977) ("cause" and "prejudice").

The exhaustion requirement, however, is not jurisdictional in nature; it is instead a matter of comity, reflecting a concern for the proper relationship between the federal and state governments. *Walker v. Lockhart*, 763 F.2d 942, 956 n. 26 (8th Cir.1985),

*cert. denied,* — U.S. —, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986); *Purnell v. Missouri Dep't of Corrections,* 753 F.2d 703, 709–10 (8th Cir.1985). Accordingly, the state attorney general may waive the exhaustion requirement, and this "waiver of exhaustion may be express or implicit." *Purnell,* 753 F.2d at 708. In his answer the respondent initially contended that certain of the petitioner's claims have been waived due to his alleged failure to exhaust available state court remedies. (Answer, Filing 3, ¶¶ 20–24). However, in his brief the respondent now concedes that the petitioner's claims have in fact been fairly presented to the Nebraska Supreme Court, and should therefore be treated as exhausted and not waived. (Respondent's Brief at 2). As a consequence, where, as here, the respondent "has not argued that failure to exhaust is a problem, ... that point may be deemed waived." *Walker,* 763 F.2d at 956 n. 26. This court may therefore proceed to the merits.

## II

The petitioner's primary basis for relief concerns his claim that he was denied the effective assistance of counsel on the direct appeal of his convictions in state court. Because I find this claim to have merit, it would be inappropriate for me to address the merits of petitioner's six other claims.

2. Petitioner also apparently seeks to raise a similar claim based upon the alleged ineffective assistance of counsel during his first state post-conviction action. It is clear that such a claim can provide him with no basis for relief. A federal court may grant a writ of habeas corpus for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). As the United States Supreme Court has recently held, a convicted inmate has no right under the Sixth Amendment to a court-appointed attorney for pursuing collateral attacks of his conviction. *Pennsylvania v. Finley,* 481 U.S. —, — – —, 107 S.Ct. 1990, 1992–95, 95 L.Ed.2d 539 (1987). Consequently, for purposes of this action, it matters not that this counsel was allegedly ineffective in petitioner's post-conviction action. *Mitchell v. Wyrick,* 727 F.2d 773, 774 (8th Cir.), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984).

3. In addition, although not raised in his petition, in his brief the petitioner appears to chal-

*See, e.g., Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir.1981); *see also Cannon v. Berry,* 727 F.2d 1020, 1021, *reh'g denied,* 732 F.2d 944 (11th Cir.1984). Consequently, my analysis will be confined to petitioner's seventh claim. I accordingly recommend that the writ be granted unless, within a reasonable time after judgment in this case becomes final, the Nebraska Supreme Court appoints petitioner appellate counsel and allows the prosecution of a new direct appeal.

Petitioner, relying upon *Robinson v. Black,* 812 F.2d 1084 (8th Cir.1987), *petition for cert. filed,* alleges that he was denied the effective assistance of counsel on direct appeal [2] when his court-appointed attorney failed to raise the claims which he now raises, particularly his first two claims.[3] In *Robinson* the Eighth Circuit Court of Appeals, relying upon *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), severely criticized what had become fairly common practice here in Nebraska.

In *Anders* the Supreme Court addressed the situation facing appointed appellate counsel in a criminal case, when counsel is of the opinion that the defendant's arguments for reversal of the conviction are frivolous. The Court said:

> The constitutional requirement of substantial equality and fair process can

lenge the Nebraska Supreme Court's denial of his request to proceed *pro se* after his convictions and sentences were summarily affirmed and his court-appointed attorney was permitted to withdraw. Petitioner contends that under *Chamberlain v. Ericksen,* 744 F.2d 628, 630 (8th Cir.1984), *cert. denied,* 470 U.S. 1008, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985), he had a constitutional right to file a *pro se* brief. In the present case it is clear that the concerns of *Chamberlain* were satisfied. As is the common practice in Nebraska, in connection with counsel's motion to withdraw the petitioner was afforded the opportunity to submit his response explaining why his appeal was not frivolous. Petitioner took advantage of this opportunity by submitting his "answers," in which he set out all those claims which he felt merited him relief. The petitioner has not alleged that he was prevented from raising any claims or arguments that he wished to raise. He has accordingly failed to show how he was harmed.

only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposes to that of *amicus curiae*. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A Copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references no only to the record, but also to the legal authorities as furnished it by counsel. The no-merit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate.

386 U.S. at 744–45, 87 S.Ct. at 1400 (footnote omitted).

In response, the Nebraska Supreme Court promulgated its rules to permit appointed appellate counsel to withdraw. Although the rule has been amended from time to time, it remains much the same as when first adopted. At the time of petitioner's appeal, the rule provided:

Counsel appointed in the District Court to represent a defendant in a criminal case, other than post conviction, shall, upon request by the defendant after judgment, file a notice of appeal and continue to represent the defendant unless permitted to withdraw by this court. Any motion for permission to withdraw shall state the reason for the request. A request to withdraw on grounds that the appeal is wholly frivolous shall be accompanied by a brief referring to anything in the record that might arguably support the appeal. The brief may be typewritten and nine copies shall be filed with proof of service upon opposing counsel. The Clerk shall furnish the defendant with a copy of counsel's brief, and advise the defendant that he has 30 days in which to raise any points that he chooses, and that this may be done in typewritten or handprinted form. Upon the expiration of the time for this filing, the motion will be considered submitted.

Nebraska Supreme Court Rule 1e(1) (1980).

In practice, the rule resulted in the Nebraska Supreme Court being presented with motions to withdraw accompanied by briefs written by appointed defense counsel, which argued the state's case to demonstrate how their clients' positions were "without merit." The Nebraska Supreme Court has described its internal approach to such motions and briefs as follows:

The disposition of a direct appeal pursuant to rule 3B [the present form of the rule quoted above] is a disposition on the merits. See rule 3B(4). See, also, *Anders v. California*, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967). In granting relief pursuant to rule 3B, this court examines the entire record, not only to resolve those matters which are specifically called to the court's attention by court-appointed counsel but also to determine whether any possible errors exist.

Therefore, any matter which can be determined from the record on direct appeal is considered by the Supreme Court when granting relief pursuant to rule 3B and is not available for further relief pursuant to the Nebraska Post Conviction Action.

*State v. Sanders,* 220 Neb. 308, 309, 369 N.W.2d 641 (1985).

The Court of Appeals in *Robinson v. Black, supra,* addressed whether the practice adequately protected the right of the defendant to effective assistance of counsel, concluding that it did not. Relying on the quoted language above from *Anders,* the Court of Appeals found that "effective assistance" requires that counsel assert the defendant's arguments on appeal in an *advocatory* manner, even if presenting those arguments in an *Anders* "no-merit" brief.

*Anders* sets forth the conditions under which an indigent defendant's appointed counsel can withdraw on appeal. In order to protect the defendant's rights, counsel must first brief "anything in the record that might arguably support an appeal." *Id.* [386 U.S.] at 744 [87 S.Ct. at 1400]. This mandatory briefing must be done as an *advocate:* "The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposes to that of *amicus curiae.*" *Id.* It is for the court to determine whether the appeal is frivolous, not the defendant's counsel. *Id.*

812 F.2d at 1086.

This result is the fairest resolution of the ethical dilemma facing appellate counsel who, on the one hand, is obligated as an officer of the court to be completely honest with the court, and, on the other hand, is bound to zealously advocate his or her client's claims. When the two are inconsistent, the former must yield, at least slightly. While it would have been helpful if the *Anders* Court had explained its "without conflict" language, the decision does nevertheless relegate an appointed attorney's "officer-of-the-court" duties to secondary status in order to preserve the integrity of the adversary system in the situation involving an indigent defendant whose interests would otherwise not be heard. Justice is satisfied only if the process by which the result is reached is just and fair both in fact and in appearance. *Offutt v. United States,* 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954); *Suggs v. United States,* 391 F.2d 971, 974 (D.C.Cir. 1968). The appearance of justice is hardly served by having the appeals of indigent criminal defendants effectively undermined by the very persons appointed to represent their interests.

■ In this case, petitioner's appellate counsel, in his brief in support of his motion to withdraw, wrote "[f]or nearly seven pages openly support[ing] the trial court's various rulings with case citations and counsel's own opinions." 812 F.2d at 1085. No purpose would be served in reprinting excerpts of this brief here. It is clear that the brief does not actively argue the petitioner's position, but instead argues that petitioner's position is without merit.

As in *Robinson,* the claims which petitioner's appellate counsel failed to present on direct appeal "are far from frivolous." 812 F.2d at 1087. Because certain of these claims, particularly his due process claim and the corresponding claim concerning the ineffective assistance of trial counsel, have at least arguable merit,[4] the petitioner is therefore entitled to relief.

---

4. This is true primarily because in analyzing such claims courts must look at the "totality of the circumstances" to determine whether, despite the presence of "unnecessarily and impermissibly suggestive" pretrial identification procedures, the identification testimony is sufficiently reliable so as not to have created "a very substantial likelihood of irreparable misidentification." *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972). As the Supreme Court emphasized in *Manson v. Brathwaite,*

"reliability is the linchpin in determining the admissibility of identification testimony.... The factors to be considered ... include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and

The respondent resists this result, arguing that it is not enough that the claims have arguable merit, as required under *Anders*. Respondent instead argues that in order to be entitled to relief, the petitioner must in addition demonstrate that the claims have *actual* merit, in order to demonstrate prejudice in the sense required in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). I do not accept this contention.[5]

In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) the Supreme Court held that the Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. Because there was no challenge to the finding that defendant's counsel had in fact rendered constitutionally ineffective assistance in failing to follow a simple court rule for perfecting an appeal, the Court stated that it "therefore need not decide the content of appropriate standards for judging claims of ineffective assistance of appellate counsel. Cf. *Strickland v. Washington*, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984); *United States v. Cronic*, 466 U.S. 648 [104 S.Ct. 2039, 80 L.Ed.2d 657] (1984)." *Evitts*, 469 U.S. at 392, 105 S.Ct. at 831–32. The Court has, however, recognized narrow categories of cases in which prejudice is presumed without an explicit showing. In *Strickland* the Court noted that the "[a]ctual or constructive denial of the as-

the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself."
432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). With such a factually specific test at the base of petitioner's claims, it is almost impossible to treat his claims as frivolous, unless there are no facts contained in the trial court record—or which could have, with effective advocacy, been brought forth at the trial level. The facts here would support an argument for the suppression of the identification testimony of at least certain of the witnesses whose testimony is arguably not sufficiently trustworthy, either because the witnesses participated in what could be deemed unnecessary show-ups or impermissibly suggestive lineups, or were either under extreme physical stress at the time of the crime or were unable to view the assailant for any appreciable length of time.

For example, as the Eighth Circuit has observed, a showup, which occurs "when a single person is presented as a suspect to a viewing witness," *United States v. Sanders*, 547 F.2d 1037, 1040 (8th Cir.1976), *cert. denied*, 431 U.S. 956, 97 S.Ct. 2679, 53 L.Ed.2d 273 (1977), is "the most suggestive, and therefore the most objectionable method of pretrial identification." *Graham v. Solem*, 728 F.2d 1533, 1542 (8th Cir.1984) (*quoting United States v. Henderson*, 719 F.2d 934, 937 (8th Cir.1983)); *United States v. Cook*, 464 F.2d 251, 253 (8th Cir.) (per curiam), *cert. denied*, 409 U.S. 1011, 93 S.Ct. 457, 34 L.Ed.2d 305 (1972). In addition, as the Sixth Circuit has observed in *Thigpen v. Cory*, 804 F.2d 893, 897 (6th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 3196, 96 L.Ed.2d 683 (1987), and *United States v. Russell*, 532 F.2d 1063, 1066 (6th Cir.1976), stress and excitement may have an appreciably negative impact on the reliability of any identification.

**5.** As respondent acknowledges in his brief, the court in *Robinson* did not discuss whether prej-

udice in the *Strickland* sense must be shown. (Respondent's Brief at 15). The respondent nonetheless contends that, by implication at least, the court did require such a showing of prejudice. Any such contention is wide of the mark. In initially rejecting Darwin Robinson's claim concerning the ineffective assistance of appellate counsel, the undersigned applied the *Strickland* prejudice test and found the claim to be without merit. This was done after thoroughly reviewing the underlying substantive claims—involving challenges to certain pretrial identification procedures, the introduction of certain physical evidence, and the admission of the testimony of an inmate/government informant—and ultimately finding them to be without merit. *Robinson v. Black*, CV84–L–577 (report & recommendation dated February 7, 1986), slip op. at 4, 5–11. Judge Urbom adopted the report and recommendation. The Eighth Circuit, in reversing and remanding, did not find fault with this rejection on the merits of Robinson's underlying substantive claims. In footnote 8 the Eighth Circuit merely noted that "a strong argument can be made that the testimony of ... the paid government informant violated Robinson's sixth amendment right to have counsel present during interrogation." 812 F.2d at 1087 n. 8. The court further observed that "it took two trials, and much deliberation in the second, for a jury to convict Robinson," and the government informant's "testimony may have tipped the balance toward the jury's guilty verdict." *Id.* This language was merely used to demonstrate how far from frivolous Robinson's underlying substantive claims were. There is no language in the court's opinion, either direct or indirect, which indicates that the claims had *actual* substantive merit, nor any indication that such a showing was required.

sistance of counsel altogether" would obviate the need to show actual prejudice. 466 U.S. at 692, 104 S.Ct. at 2067. One example given by Court in *Cronic* is where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" in such a case, "there has been a denial of Sixth Amendment rights that makes the adversarial process itself presumptively unreliable." 466 U.S. at 659, 104 S.Ct. at 2047.

This adversarial process does not end after trial, as respondent appears to argue. See, e.g., *Evitts v. Lucey, supra.* For that reason, respondent's attempt to limit this presumption of prejudice to situations in which *trial* counsel has failed to satisfy the requirements of the Sixth Amendment is wide of the mark.

Respondent argues that in cases in which prejudice has been presumed, such as *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (counsel's conflict of interest) or *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (denial of right of cross-examination) the reliability of the fact-finding process was so undermined as to make any determination of prejudice a matter of mere speculation, virtually impossible to measure. He argues that, by contrast, a reviewing court is able to accurately determine the amount of prejudice suffered as the result of errors by appellate counsel. (Respondent's Brief at 14–15). I am not convinced that such a distinction between trial and appellate errors is entirely accurate or workable with respect to the assessment of prejudice. More importantly, however, respondent fails to recognize both the nature and the magnitude of the systemic harm, or prejudice, that accrues when the underlying fairness of the adversarial pro-

cess is itself circumvented. This concern for "equal justice," of "substantial equality and fair process" regardless of wealth, is at the heart of the Court's decision in *Anders.* Recently, the Eleventh Circuit has explicitly rejected imposing a prejudice requirement in this context, for to do so would result in a considerable erosion of the requirements, and a corresponding harm to the interests, set forth in *Anders. Cannon v. Berry,* 727 F.2d at 1024. *See also Jenkins v. Coombe,* 821 F.2d 158, 161 (2d Cir.1987) (*Strickland* inapplicable where appellate counsel submits a "paltry" and "inexcusably deficient" brief); *but see Lockhart v. McCotter,* 782 F.2d 1275, 1283 (5th Cir.1986) (applying, without discussion, *Strickland* prejudice test to determine that counsel's filing of an "affidavit of counsel," which stated that petitioner's appeal was without merit, did not constitute ineffective assistance of counsel despite the existence of two nonfrivolous, although ultimately meritless, grounds for appeal), *cert. denied,* — U.S. —, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987).

■ This is not a case in which appellate counsel merely omitted one plausible claim from the many others which were raised in an otherwise acceptable brief.[6] It is not even a case in which, in the face of a nonfrivolous appeal, counsel effectively either failed to perfect the appeal[7] or submit any brief at all.[8] Instead, this case involves an even more egregious situation, a situation in which the petitioner's own appointed counsel "changed the adversarial process into an inquisitorial one by joining the forces of the state and working against his client," *Robinson,* 812 F.2d at 1086–87, by arguing every issue from the prosecution's perspective. This not only deprived

---

**6.** See, e.g., *Reese v. Frey,* 801 F.2d 348, 351 (8th Cir.1986) (omitted "issue did not have arguable merit and there is no reasonable probability that his direct appeal would have been successful had the issue been submitted" along with the others raised in the brief); *Parton v. Wyrick,* 704 F.2d 415, 416 (8th Cir.1983) (per curiam) (prejudice requires finding that omitted argument "would likely have prevailed").

**7.** See, e.g., *Hollis v. United States,* 687 F.2d 257, 259 (8th Cir.1982) (no showing of actual preju-

dice required), *cert. denied,* 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983).

**8.** See, e.g., *Cannon v. Berry,* 727 F.2d at 1022–25 (no showing of actual prejudice required); *Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir.1981) (no showing of actual prejudice required); *but see Griffin v. West,* 791 F.2d 1578, 1582–83 (10th Cir.1986) (requiring showing of prejudice under *Strickland*).

the petitioner of any assistance of counsel on appeal, but, even worse, provided an additional advocate for the state. It is difficult to think of a more obvious example in which the adversarial nature of our criminal justice process has been short-circuited.

IT THEREFORE IS HEREBY RECOMMENDED, pursuant to 28 U.S.C. § 636(b)(1)(B), that the petition for writ of habeas corpus be granted with respect to petitioner's seventh claim, concerning the denial of the effective assistance of counsel on direct appeal, and that the respondent be ordered to release petitioner unless, within a reasonable time after judgment becomes final and petitioner's counsel files with the Nebraska Supreme Court the appropriate motions, the Nebraska Supreme Court grants petitioner leave to reinstate his direct appeal and appoints him counsel to brief all issues.

The parties are hereby notified that unless objection is made within eleven days after being served with a copy of this recommendation, they may be held to have waived any right they may have to appeal the court's order adopting this recommendation.

(s) David L. Piester
United States Magistrate