THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN KINZER, Defendant-Appellant.

First District (2nd Division)    No. 77-1805

Opinion filed October 31, 1978.

Ralph Ruebner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, John Kinzer, entered a negotiated plea to theft (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(b)), and in accord with the terms of the agreement was sentenced to a term of 5 years probation with incarceration for the first 6 months. On appeal defendant contends that he was denied the effective assistance of counsel when his court-appointed counsel failed to file a motion to vacate his guilty plea as required by Supreme Court Rule 604(d) before filing a notice of appeal on his behalf. Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).

On July 12, 1977, the defendant appeared in court with his court-appointed counsel and requested a plea negotiation conference with the trial judge and the assistant State's Attorney. Thereafter, the defendant stated to the court that he was changing his plea of not guilty to that of guilty. The court admonished him pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1977, ch. 110A, par. 402), and the defendant was informed of the sentence to be imposed.

A stipulated factual basis was given by the assistant State's Attorney that Pat Hebner and Cecilia Jans, bank tellers, would testify that on February 23 and again on February 25, 1977, each cashed checks presented to her by the defendant which were drawn on the account of Guter and McDougal at the National Bank of North Evanston; the signatures on these checks were forged.

The defendant waived the presentence investigation, and the trial court imposed the sentence suggested in the negotiation conference. The court, in substantial accord with Supreme Court Rule 605(b), admonished the defendant of his rights upon appeal, and advised him that should he believe that his rights have not been protected, he must file a written motion within 30 days asking leave of court to withdraw his plea of guilty and to enter a plea of not guilty. The defendant acknowledged that he understood the court's instructions.

On August 5, 1977, the defendant wrote a letter to the trial judge from the Illinois State penitentiary requesting that an appeal bond be set. Defendant stated that he was requesting an appeal because he did not think his attorney put enough effort into the case and that he was ill-advised. On August 11, 1977, the public defender of Cook County was appointed as counsel on appeal for the defendant, and a notice of appeal was filed the same day.

Defendant maintains that his letter requesting an appeal expressed his dissatisfaction with his court-appointed counsel at the time of the guilty plea and that his appointed counsel should have construed it as a *pro se* motion to withdraw his plea of guilty and proceeded thereon. It is urged that the appellate counsel's failure to treat his letter as a *pro se* motion to withdraw was incompetence of such magnitude as to deprive him of his opportunity to challenge the guilty plea. Defendant therefore requests the cause be remanded for further proceedings to withdraw his plea.

■■ It has been held by our supreme court that a motion to withdraw a guilty plea and vacate the judgment is a condition precedent to an appeal. (*People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254; *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46.) However, in *People v. Brown* (1968), 39 Ill. 2d 307, 311, 235 N.E.2d 562, it was stated:

> "[W]hile the right of appeal in a criminal case is not *per se* of constitutional dimension [citation], any denial of it is subject to the due-process and equal-protection guarantees of the Federal and State constitutions. Moreover, recent decisions have implemented this right, providing that indigents are entitled to competent appointed counsel on appeal [citation], even where pleas of guilty were made below * * *. These decisions reflect courts' concern with providing that any defendant who so desires can obtain at least one full appellate review of his conviction."

■■ Here, the trial court clearly admonished the defendant that before taking an appeal he must seek to vacate his plea of guilty by written motion in the trial court, as required by Supreme Court Rule 604(d). The defendant's act of writing to the trial judge within 30 days was clearly an attempt to preserve his right of appeal, although he was "not at all familiar with the procedure for appeal." Under these circumstances, the failure of defendant's court-appointed counsel to file a motion to withdraw the guilty plea and vacate the judgment herein was clearly prejudicial to defendant's right of appeal because, as the aforesaid cases indicate, the failure to follow the provisions of Supreme Court Rule 604(d) would preclude filing defendant's appeal. It has been held that the failure of appointed counsel to file such motion to perfect the appeal constitutes ineffective assistance of counsel. (*People v. Meacham* (3d Dist.

1977), 53 Ill. App. 3d 762, 368 N.E.2d 400.) We therefore find that the failure of court-appointed counsel herein to protect the defendant's rights of appeal constituted ineffective assistance of counsel in his case but is not to be construed as precedent for the relaxation of Rule 604(d). Accordingly, the cause is hereby remanded to the circuit court of Cook County where the defendant will be afforded an opportunity to file a motion to withdraw his guilty plea setting forth his basis to vacate the judgment and for such further proceedings as may be appropriate under Supreme Court Rule 604(d).

Remanded with directions.

DOWNING and PERLIN, JJ., concur.