THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD WREN, SR., Defendant-Appellant.

Fifth District   No. 5—83—0680

Opinion filed February 28, 1985.—Rehearing denied March 20, 1985.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Ronald Wren, Sr., appeals from the judgment of the circuit court of St. Clair County denying relief on his post-conviction petition.

In November 1982 defendant entered a negotiated plea of guilty to the offense of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2). His guilty plea was accepted, and in January 1983 he was sentenced to 10 years' imprisonment, despite the court's awareness that plea negotiations had taken place and the State would recommend an eight-year term. In April 1983, while imprisoned, defendant filed a *pro se* petition for post-conviction relief. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1 *et seq.*) In July 1983, through court-appointed counsel, defendant amended his petition. He alleged that the trial court did not properly admonish him of his rights upon entering his plea. He also alleged that he was denied effective assistance of counsel in that his retained counsel in the former proceedings "coerced [him] into pleading guilty" and "failed to file a Motion to Withdraw the Plea of Guilty and, further, failed to file a Petition for Post-Conviction Relief, although he assured Petitioner he would do so."

In September 1983 the post-conviction hearing was held and commenced as follows:

"[Defense Counsel]: Your Honor, this is a post conviction petition alleging inassistance [*sic*] of counsel.

[The Court]: Who was counsel?

[Defense Counsel]: Jim Gomric.

[The Court]: Denied. When they start raising incompetence of our best trial counsel, that's the end of the line as far as I'm concerned. They've got nothing else to do down there except sit there and draw up papers? But, let's go ahead with it.

[Defense Counsel]: I'd like to put on some brief testimony.

[The Court]: Sure, put on anything you want. I'm not blaming you. I'm blaming the system. They have got it now so they never are convicted. Forty years later, they are still fil-

ing papers."

Defendant was the sole witness. He testified without objection that after he pleaded guilty, his trial counsel told him that he would appeal the judgment "that wasn't part of the bargain" and that counsel would later contact him. He testified that he had no knowledge about whether trial counsel performed further work on the case, though allegedly he was assured that counsel would do something. He testified that he had written trial counsel four letters and that his mother had also tried to contact counsel, all to no avail. Defendant further testified without objection that trial counsel told him that if he "went along" with eight years, "['] I guarantee you get the eight years.[']  So, I said, 'Cool, I go along with eight years.' Then, get in front of the Judge, it's ten."

The trial court noted it was not bound by plea negotiations and concluded the hearing by denying relief to defendant.

Defendant's sole contention on appeal is that a new post-conviction hearing is required because the presiding judge was predisposed to rule against him. His argument essentially is that the trial court's remarks foreclosed the possibility of an unbiased determination of whether trial counsel's inaction, after the proceedings which resulted in his conviction, amounted to ineffective representation. Assuming, *arguendo*, the court's remarks were inappropriate and indicative of predisposition, we nonetheless must examine the record to determine if anything occurred in the plea proceedings which could warrant the trial court's granting defendant the relief sought. No purpose would be served in granting defendant a new hearing if Rule 402 (87 Ill. 2d R. 402) were complied with in all respects, as regardless of the trial court's remarks, defendant's prior record well supported the 10-year sentence imposed.

Defense counsel at oral argument conceded that defendant failed to produce evidence to substantiate his claim that he was "coerced" to plead guilty. Nonetheless, defendant argues that he was "abandoned" by trial counsel, and with effective representation he would have been able to establish a defect that occurred during the taking of the plea, namely, the trial court's failure to inform him in accordance with Supreme Court Rule 402(d)(3) (87 Ill. 2d R. 402(d)(3)) that the court was not bound by the plea agreement.

The record establishes a patent violation of Supreme Court Rule 402(d)(3) in that defendant was not informed before his plea was accepted that despite the plea agreement the court was not bound to honor it.

This record stands in contrast to the admonition given defendant

in *People v. Lambrechts* (1977), 69 Ill. 2d 544, 372 N.E.2d 641. There, the defendant was told, in compliance with Rule 402(d)(3), that the plea agreement was not binding on the court and that a different sentence could be imposed. The defendant there was fully informed that the court had not concurred in the agreement. This case presents a much more obvious violation of Rule 402 than was present in *People v. Collins* (1981), 100 Ill. App. 3d 611, 426 N.E.2d 1274, where defendant was allowed to withdraw her plea and plead anew where the trial court fully informed the defendant as required by Rule 402 that it had not concurred in the plea agreement but failed to inform the defendant if she persisted in her plea, the disposition could be different from that contemplated by the agreement, and failed to give the defendant an opportunity to persist in or withdraw her plea at time of sentencing. The court considered the violation to have due-process implications and addressed the issue as plain error.

█ It is no less clear by this record that defendant could have filed a Rule 604(d) (87 Ill. 2d R. 604(d)) motion to withdraw his plea and that his guilty plea should have been vacated and defendant allowed to plead anew. According to his uncontroverted testimony, this is what he expected, and the record bears out the reasonableness of his expectation. Even if a Rule 604(d) motion was denied, however, defendant would have been able to appeal that denial and would have been faced with a significantly lesser burden than the one faced in this proceeding to secure post-conviction relief.

█ Our courts have considered the failure of trial counsel to file 604(d) motions under circumstances similar to this to be ineffective assistance of counsel and have allowed the late filing of an appropriate motion, even though no motion was filed within the 30-day period provided for in the Rule. (*People v. Morguez* (1980), 90 Ill. App. 3d 471, 413 N.E.2d 128; *People v. Brownell* (1980), 86 Ill. App. 3d 697, 408 N.E.2d 304; *People v. Pulley* (1979), 75 Ill. App. 3d 193, 394 N.E.2d 47; *People v. Kinzer* (1978), 66 Ill. App. 3d 466, 384 N.E.2d 50; *People v. Porter* (1978), 61 Ill. App. 3d 941, 378 N.E.2d 788; *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400.) For these reasons, we view it proper to consider defendant's petition as a belated but cognizable motion to withdraw his plea of guilty, based on his uncontroverted assertion that trial counsel failed to file the 604(d) motion clearly warranted.

Accordingly, this cause is remanded to the circuit court of St. Clair County with directions that counsel, retained or appointed, if appropriate, be allowed to file a Rule 604(d) motion to withdraw defendant's plea of guilty and that if such a motion is filed, that defendant

be allowed to withdraw his plea and plead anew. If defendant declines to file such a motion, the judgment of conviction is affirmed.

Remanded with directions.

JONES, P.J., and WELCH, J., concur.