(Nos. 64738, 64739, 64742, 64744 cons.—<span style="background:black"></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DAVID WILK, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HEIDI ERICKSON, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. DANNY G. BROWN, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EDDIE WRIGHT, Appellant.

*Opinion filed June 20, 1988.—Modified on denial of rehearing October 20, 1988.*

96

G. Joseph Weller, Deputy Defender, and Mary Kay Schick, Kerry Evan Saltzman and Kathleen J. Hamill, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Terence M.

Madsen and Michele I. Lavin, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill and Kerry Evan Saltzman, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Terence M. Madsen and Michele I. Lavin, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Kathleen J. Hamill and Kerry Evan Saltzman, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Terence M. Madsen and Michele I. Lavin, Assistant Attorneys General, of Chicago, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Kerry Evan

Saltzman and Kathleen J. Hamill, Assistant Defenders, of the Office of the State Appellate Defender, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Terence M. Madsen and Michele I. Lavin, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE RYAN delivered the opinion of the court:

The defendants, David Wilk, Heidi Erickson, Danny Brown and Eddie Wright, pleaded guilty, and were convicted and sentenced on separate and unrelated charges. Their cases were consolidated for the purpose of this appeal because they raise similar questions of law related to Illinois Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)). Each of these defendants had filed a notice of appeal to the appellate court. Each of the appeals was dismissed for failure to comply with the requirements of Rule 604(d) that a motion to withdraw the guilty plea must be filed before taking an appeal. Rule 604(d) provides:

> "(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor." (107 Ill. 2d R. 604(d).)

Each defendant has raised the issue that the appellate court erred in dismissing his appeal. Although these defendants individually raise issues peculiar to the facts of their own cases, they all claim that their attorneys' failure to comply with Rule 604(d) amounts to ineffective assistance of counsel. They claim the appellate court should have granted their requests for remand to the

trial court, to afford them the opportunity to comply with Rule 604(d), rather than dismiss their appeals. The facts and procedures in each defendant's case are different, and we will briefly outline them.

In No. 64738, defendant David Wilk, represented by an assistant public defender, pleaded guilty to residential burglary. He was sentenced to eight years' imprisonment on March 14, 1986. At sentencing, the court admonished the defendant in accordance with Rule 605(b) concerning his appeal rights and the fact that, under Rule 604(d), he would have to move to withdraw his plea prior to taking an appeal. Wilk filed a *pro se* motion to withdraw his guilty plea in accordance with Rule 604(d), having first executed a *pro se* affidavit on April 9 requesting an extension of time to file the motion. It cannot be ascertained from the record whether this document was timely filed. Defendant alleged the State failed to comply with the terms of a plea negotiation. An assistant public defender was appointed to help defendant with the motion to withdraw his plea. Eventually, the assistant public defender moved to dismiss the Rule 604(d) motion because it was not timely filed. This motion was granted. Wilk then filed a *pro se* notice of appeal. A State appellate defender was appointed to assist with this appeal and filed a motion for a remand to the trial court so that a Rule 604(d) motion could be filed there. The State did not oppose the motion for remand, but requested the appeal be dismissed to completely revest jurisdiction in the trial court. The appellate court denied the motion for remand and dismissed the appeal for failure to originally comply with Rule 604(d). After defendant's motion to reconsider that ruling was denied, we granted leave to appeal.

In No. 64744, defendant Eddie Wright pleaded guilty to retail theft. On April 18, 1986, he was sentenced to five years' imprisonment. He and his attorney were ad-

monished at that time, in accordance with both Rules 605(b) and 604(d). On May 2, 1986, defendant's attorney appeared before the trial judge and informed him of defendant's desire to appeal. The attorney filed a notice of appeal, without first filing a Rule 604(d) motion, and a State appellate defender was appointed. The appellate defender later filed a motion for remand to file a Rule 604(d) motion, citing trial counsel's incompetence as the reason for failure to comply with Rule 604(d). He also alleged that defendant's guilty plea was involuntary and that an impermissible consecutive sentence had been imposed. Again, the State did not oppose the remand but requested jurisdiction be totally revested in the trial court by dismissing the appeal. The remand motion was denied and the appeal dismissed. We granted leave to appeal after the appellate court denied defendant's motion to reconsider.

In No. 64742, the defendant Danny Brown, represented by an assistant public defender, pleaded guilty to aggravated battery of a three-year-old child. On May 7, 1986, he was sentenced to seven years' imprisonment and in the presence of counsel was admonished according to Rule 605(b) and Rule 604(d). On June 4, counsel filed a motion to reconsider the sentence, claiming it was excessive and failed to consider defendant's rehabilitative potential. The trial court denied the motion on June 6, whereupon counsel requested an appellate defender be appointed to appeal the sentence but not the issue of guilt. Counsel did not file a Rule 604(d) motion. Later, the appellate defender filed a motion for remand so that a Rule 604(d) motion could be filed. He alleged the failure of counsel to protect defendant's appeal rights amounted to ineffective assistance of counsel, and a remand would allow defendant to comply with Rule 604(d) so that defendant could appeal his sentence. The appel-

late court dismissed the appeal after denying the motion to remand.

In No. 64739, the defendant, Heidi Erickson, pleaded guilty to criminal trespass to land and disorderly conduct. Neither the plea proceedings nor the sentencing hearing was reported, so it is impossible to determine what admonishments defendant received. The defendant was represented by a public defender, who filed a motion to reconsider or modify defendant's two consecutive 30-day sentences. The motion alleged defendant's acts were part of a single course of conduct, making consecutive sentences improper and excessive. No Rule 604(d) motion was filed, but a notice of appeal was filed and an appellate defender was appointed. Subsequently, the appellate defender filed a motion for remand for filing a Rule 604(d) motion alleging ineffective assistance of counsel for failure to preserve defendant's appeal rights. The appellate defender further asserted a remand would provide a hearing record from which the appellate court could later take review. The State objected to the motion, declaring the failure to produce a record was the defendant's fault. The State also requested jurisdiction be revested in the trial court, should the remand motion be granted. The appellate court dismissed the appeal after denying the remand motion.

Although each case here is different on its facts, the central issue that each raises is what should be the effect of counsel's failure to comply with Rule 604(d). Wilk and Wright each filed a notice of appeal of their guilty pleas without a prior Rule 604(d) motion to withdraw the guilty plea. Brown and Erickson, however, first filed motions to reconsider the sentence imposed, then proceeded to appeal their sentencing. Because of this distinction, we find it necessary to consider People v. Brown and People v. Erickson separate from People v. Wilk and People v. Wright.

In examining the cases of Wilk and Wright, we observe that over the past decade, a somewhat confusing practice has arisen concerning Rule 604(d). Some of the divisions of our appellate court have declared that counsel's failure to file a Rule 604(d) motion is so serious a defect that it amounts to ineffective assistance of counsel (*People v. Meacham* (1977), 53 Ill. App. 3d 762), or amounts to no representation (*People v. Morguez* (1980), 90 Ill. App. 3d 471). It seems the practice of not filing a Rule 604(d) motion prior to filing a notice of appeal has become so widespread that divisions of the appellate court routinely allow motions to remand to file a motion to withdraw the plea, or the division retains the appeal and decides it on its merits even though Rule 604(d) has not been complied with. (*People v. Meacham* (1977), 53 Ill. App. 3d 762; *People v. Morguez* (1980), 90 Ill. App. 3d 471; *People v. Porter* (1978), 61 Ill. App. 3d 941; *People v. Wren* (1985), 131 Ill. App. 3d 678.) We note the State here raised no objections to the remand motions. This indicates to us that there is a general perception in our criminal justice system, in spite of our holdings in *People v. Frey* (1977), 67 Ill. 2d 77, and *People v. Stacey* (1977), 68 Ill. 2d 261, that a complete relaxation of Rule 604(d) is acceptable in this State. We hold today that it is not.

At the risk of stating the obvious, it should be pointed out that the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them. Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants. Although these rules are too detailed to lay out here, they have been constructed to conform this State's criminal justice system to Federal con-

stitutional standards and to avoid some of the excesses that both the State and defense counsel occasionally employ while they attempt to zealously represent their opposing interests. (See generally 107 Ill. 2d Rules 402, 604(d), 605(b), Committee Comments; Ill. Ann. Stat., ch. 110A, Rules 402, 604, 605, Committee Comments, Historical & Practice Notes (Smith-Hurd 1985).) These rules are not written in a vacuum and they represent our best efforts at ordering the complex and delicate process of plea bargains and guilty pleas.

In short, Rule 604(d) has a purpose. That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. (*People v. Frey* (1977), 67 Ill. 2d 77.) A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review. As the situation now stands, some divisions of the appellate court are hearing these appeals on their merits. (*People v. Brownell* (1980), 86 Ill. App. 3d 697; *People v. Meacham* (1977), 53 Ill. App. 3d 762.) As we stated in *People v. Frey* (1977), 67 Ill. 2d 77, 85:

"It is mandatory for the protection of the accused, as well as society, that courts of original and appellate jurisdiction confine themselves to their respective spheres.

Matters which require fact finding based on oral and written evidence *dehors* the record are primarily within the realm of the circuit court. Appeals from a judgment of that court are the function of reviewing courts, which operate on the record of the lower court."

Rule 604(d) establishes a condition precedent for an appeal from a defendant's plea of guilty. (*People v. Stacey* (1977), 68 Ill. 2d 261.) When divisions of the appellate court were faced with dismissing appeals because counsel for defendant failed to follow the admonishment of Rule 605(b) and the clear language of Rule 604(d), they began to carve out exceptions to the rule, as noted above, by, in some cases, allowing remands to the trial court so that defendant could file the motion and, in other cases, by hearing the appeal on its merits. (*People v. Morguez* (1980), 90 Ill. App. 3d 471; *People v. Wren* (1985), 131 Ill. App. 3d 678; *People v. Kinzer* (1978), 66 Ill. App. 3d 466.) Obviously, the divisions of the appellate court do not want defendants to suffer because of the incompetence of counsel. To preclude this result, they have declared that failure to file a motion to perfect an appeal amounts to ineffective assistance of counsel. (*People v. Meacham* (1977), 53 Ill. App. 3d 762; *People v. Kinzer* (1978), 66 Ill. App. 3d 466; *People v. Porter* (1978), 61 Ill. App. 3d 941.) Further, they recognize that any denial of the right to appeal a criminal case may be subject to due process and equal protection guarantees of Federal and State Constitutions, even though the right to appeal is not, *per se*, of constitutional dimensions. *People v. Kinzer* (1978), 66 Ill. App. 3d 466, 468, citing *People v. Brown* (1968), 39 Ill. 2d 307, 311.

We agree that an attorney who stands with his client in a criminal proceeding, hears the admonishments of the court required by Rule 605(b), and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a notice of appeal has fallen short of providing com-

petent representation. There are appropriate disciplinary measures in our State for this conduct. The defendant, through no fault of his, is deprived of a right to be heard in the appellate court. Such assistance of counsel, coupled with the denial of appellate review, raises effective assistance of counsel constitutional questions. Furthermore, many of the grounds for withdrawal of guilty pleas, consideration of which is denied because of counsel's failure, themselves may raise constitutional questions.

Rule 604(d) was designed to meet a specific need. A few years after the effective date of our 1970 Constitution, it came to the attention of this court that a large number of appeals in criminal cases were being taken from pleas of guilty. One appellate court justice estimated that one-third of all criminal appeals in his division were from pleas of guilty. A review of criminal appeal filings in the appellate court in the five judicial districts substantiated this estimate. A review of the appeals in those cases revealed that many of the errors complained of could and undoubtedly would be easily and readily corrected, if called to the attention of the trial court. The rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed. The exceptions to the rule fashioned by the appellate court circumvent and defeat the purpose of the rule. If the appellate court elects to retain jurisdiction of the appeal and considers the merits of the defendant's contentions, the rule has been ignored. If the appellate court remands the case for a motion to withdraw, to be filed and to be considered by the trial court, the case has taken a needless trip to the appellate court, wasted that court's time, extended the time within which the motion to withdraw

must be filed under Rule 604(d), and attaches no consequences to the ignoring of the requirements of the rule of this court. This court has held that compliance with Rule 604(d) is a condition precedent to an appeal. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267.) We adhere to the holding in *Stacey* insofar as it establishes that a Rule 604(d) motion is a condition precedent to the appeal of a plea of guilty. Accordingly, we hold that the appellate court properly dismissed the appeals by defendants Wilk and Wright. This holding, however, does not leave these defendants without a remedy.

The appropriate remedy for these defendants lies in our Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). Although the Post-Conviction Hearing Act is not an alternative means for reviewing nonconstitutional issues (*People v. Rose* (1969), 43 Ill. 2d 273, 280), a hearing on a petition under the Act is warranted if the petition makes a substantial showing that the petitioner's constitutional rights have been violated (*People v. Rose* (1969), 43 Ill. 2d 273, 279). The sixth amendment right to counsel encompasses the right to effective assistance of counsel. (*Strickland v. Washington* (1984), 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063.) The determination of whether or not defendant has received effective assistance of counsel may involve consideration of whether counsel for the defendant has adequately presented certain nonconstitutional issues.

This court has recently held that a defendant, in filing a *pro se* petition for post-conviction relief under the Act, does not have to construct legal arguments or cite legal authority. Once the petitioner has shown that the petition is not frivolous, counsel will be appointed. (*People v. Porter* (1988), 122 Ill. 2d 64.) Under the circumstances such as those involved in these cases in a post-conviction petition, the defendant *pro se* needs only to

allege a violation of his sixth amendment right to effective assistance of counsel, due to the attorney's failure to preserve appeal rights, and allege whatever grounds he or she would have had to withdraw his or her plea of guilty had a proper motion to withdraw been filed by defendant's counsel prior to the filing of a notice of appeal. At the hearing on the post-conviction petition, the two-pronged test laid down in *Strickland v. Washington* will apply to determine if in fact the defendant has been deprived of effective assistance of counsel.

The first prong, whether the attorney's performance fell below an objective standard of reasonableness under prevailing professional norms, will require a minimal factual basis. The questions will be: Did the defendant communicate a desire to appeal? Was counsel appointed? Did counsel fail to follow Rule 604(d)? The second prong, whether there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different," will need to show the merits of defendant's grounds to withdraw the plea. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) If post-conviction relief is granted, there will be a hearing under Rule 604(d) and defendant will be permitted to withdraw the plea when the trial court finds merit in the motion. We see no *res judicata* problems for defendants Wilk and Wright. Their appeals were not dismissed on the merits of the question of ineffective assistance of counsel but solely for lack of Rule 604(d) compliance. See *People v. Butler* (1968), 40 Ill. 2d 386.

We will state again that our rules of procedure have purpose and are to be adhered to by courts and counsel. If litigation is to have some finality, acts must be accomplished within the time prescribed by law. (*People v. Frey* (1977), 67 Ill. 2d 77, 86.) Defendants cannot pursue appellate review when there is substantial noncompliance

with our rules of procedure. Defendants must seek relief through a post-conviction hearing.

We noted above that in the Wilk case it cannot be ascertained from the record whether the motion to withdraw the plea of guilty or the request for an extension of time to withdraw the plea were timely filed. Whether these documents were timely filed has a direct bearing on the nature of the representation counsel gave to the defendant and must be considered in the post-conviction proceeding, where, hopefully, the date that these documents were filed can be established.

The inability to determine whether the above documents were timely filed is due to the fact that many of these documents in the common law record are simply stamped "processed," with the date and "circuit clerk micro data." The date the document was "processed" does not establish that the document was "filed" on that date, because the documents which have both "processed" and "filed" stamped on them show that these two dates do not correspond. It appears that most, if not all, the documents filed in the Wilk case through the judgment and mittimus order were stamped with both "filed" and "processed." However, the documents filed after the judgment and mittimus order are only stamped "processed," along with the date, until the order appointing the public defender to represent Wilk and the motion to withdraw, which was stamped "filed 1986 June 19" and also stamped "processed June 20, 1986." We recite these facts to call the attention of the clerks of the circuit courts in this State that it is essential that the documents in the record reflect the filing date so that the record will reflect whether they had been timely filed.

Turning to the cases of Brown and Erickson, we note that the defendants did not challenge their guilty pleas, but instead appealed the trial court's denial of their mo-

tion to reconsider their sentences. We distinguish these cases from those of Wilk and Wright in that the defendants here made their motions to reconsider the sentence *prior* to filing the notice of appeal. The trial court had the opportunity to reconsider the appropriateness of the sentence imposed and to correct errors made, if any. Consequently, the appellate court can exercise its proper function of reviewing the trial court's rulings on these motions. Because defendants Brown and Erickson were not appealing their guilty pleas, it was not necessary for them to file a Rule 604(d) motion. Accordingly, we reverse the appellate court's decisions as to Brown and Erickson and remand these two cases to the appellate court for review of the sentences imposed.

For the reasons set out herein, the judgments of the appellate court as to defendants Wilk and Wright are affirmed; as to defendants Brown and Erickson, the judgments are reversed and remanded to the appellate court. To the extent that *Stacey* is inconsistent with this opinion, the holding in that case is disavowed.

> *No. 64738 — Affirmed.*
> *No. 64739 — Reversed and remanded.*
> *No. 64742 — Reversed and remanded.*
> *No. 64744 — Affirmed.*

JUSTICE CLARK, concurring in part and dissenting in part:

While I agree with the major thrust of the majority opinion, particularly with its crucial decision to regard compliance with Rule 604(d) as mandatory, I cannot also agree with several other aspects of the majority's holding. As I understand it, the majority holds: (1) that compliance with Rule 604(d) (which requires the defendant who wishes to appeal after a guilty plea to first file a motion to withdraw the plea) is a condition precedent for appeal after a plea of guilt, and (2) that counsel's failure

to comply with Rule 604(d) may constitute ineffective assistance of counsel, but that (3) the appropriate remedy for such failure is a post-conviction proceeding, and (4) the standard for appellate ineffectiveness stemming from a simple procedural default is the two-pronged test for ineffective assistance at trial laid down in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.

I would agree that compliance with Rule 604(d) is mandatory, and that the appellate court should neither routinely ignore the rule nor simply remand to the trial court so that the defendant can file the motion *nunc pro tunc*. I also agree that the failure to file may constitute ineffective assistance (whether it is ineffective depending, in crucial measure, upon whether the defendant communicated to counsel a desire to appeal). But if the defendant has actually been deprived of effective assistance, why wait for a post-conviction proceeding to resolve the merits of the appeal? It would seem to me that the better procedure would be for the appellate court to determine if assistance was ineffective, using a remand to the trial court if necessary while retaining jurisdiction. As the majority suggests, the attorney involved can be punished by "appropriate disciplinary measures"— there is no need to punish the defendant for his attorney's incompetence. Nor is a post-conviction proceeding an adequate substitute for a direct appeal. (See, *e.g.*, *Bell v. Lockhart* (8th Cir. 1986), 795 F.2d 655.) Moreover, waiting for a post-conviction proceeding serves no useful purpose. The defendant has until 10 years after the date of the guilty plea to file a post-conviction petition. The possibility—indeed, the likelihood—of delay, conflicts with the basic purpose of Rule 604(d), which, as the majority correctly notes, is to provide for factfinding while witnesses are still available and memories are fresh.

Secondly, the majority provides no support for its assumption that the *Strickland* standard applies in this instance. For the following reasons, I do not believe that it does.

Defendants' claims rest upon the sixth amendment right to counsel contained in the United States Constitution, as applied to the States through the due process clause of the fourteenth amendment. (U.S. Const., amends. VI, XIV.) Due process requires that State criminal defendants be afforded representation by counsel, both at trial (*Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792), and upon any direct appeal that is allowed as a matter of right (*Douglas v. California* (1963), 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814). In the case of trials, it has long been clear that due process requires not only that the defendant be afforded the formal presence of counsel, appointed or retained, but also counsel's effective assistance. See *Strickland v. Washington* (1984), 466 U.S. 668, 685, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063; *Cuyler v. Sullivan* (1980), 446 U.S. 335, 344, 64 L. Ed. 2d 333, 343, 100 S. Ct. 1708, 1715.

The United States Supreme Court has now held that a defendant is also entitled to the effective assistance of counsel upon direct appeals which are allowed as a matter of right. (*Evitts v. Lucey* (1985), 469 U.S. 387, 396-97, 83 L. Ed. 2d 821, 830-31, 105 S. Ct. 830, 836-37.) In *Evitts*, the defendant's retained attorney filed a timely notice of appeal on defendant's behalf, but failed to submit a "statement of appeal" when he filed the record and defendant's brief, as required by a nonjurisdictional State court rule of appellate procedure. An intermediate State appellate court dismissed the appeal on the motion of the prosecution. After the defendant exhausted State remedies, a Federal district court held that counsel's failure to follow the State court appellate procedure consti-

tuted ineffective assistance of counsel, and granted a writ of *habeas corpus* ordering his release unless his appeal was reinstated or he was granted a new trial. 469 U.S. at 390-91, 83 L. Ed. 2d at 825-26, 105 S. Ct. at 832-33.

On appeal, the prosecution did not challenge the district court's finding that the defendant had received ineffective assistance, but instead claimed that ineffective assistance did not require the State court to reinstate his appeal. Thus, the Supreme Court was not required to "decide the content of appropriate standards for judging claims of ineffective assistance of appellate counsel." (469 U.S. at 393, 83 L. Ed. 2d at 827, 105 S. Ct. at 833.) The majority's assumption that *Strickland* applies is not, therefore, necessarily correct.

The two different standards which might be applied are the standard used for judging claims of general ineffective trial assistance or the different standard used for judging claims that counsel was either totally absent from the proceedings, forcibly prevented from assisting the accused, or suffering from an actual conflict of interest. For general claims of ineffective assistance, the defendant must prove that counsel's performance fell below a standard of reasonable professional competence, as well as a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*Strickland v. Washington*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.) In other words, the defendant must show that he suffered actual prejudice. For claims of total absence, forcible prevention, or actual conflict, on the other hand, prejudice is presumed. See, *e.g., Geders v. United States* (1976), 425 U.S. 80, 47 L. Ed. 2d 592, 96 S. Ct. 1330 (bar on attorney-client consultation during overnight recess); *Herring v. New York* (1975), 422 U.S. 853, 45 L. Ed. 2d 593, 95 S. Ct. 2550 (bar on summation at bench trial); *Cuyler v.*

*Sullivan* (1980), 446 U.S. 333, 64 L. Ed. 2d 333, 100 S. Ct. 1708 (actual conflict of interest).

I believe that it is the second standard which is the more appropriate in the case of a simple procedural default which results in the dismissal of the defendant's appeal. An attorney who fails to obey a simple procedural rule is effectively "absent" from the appeal, notwithstanding the fact that he may be otherwise diligent in preparing it. Failure to follow such a rule means, as in the case of a bar upon summation, that an attorney cannot effectively prosecute the appeal *at all*, since no matter what he says, the court will not, need not, and, in this case, cannot, listen.

Moreover, the reasons for the *Strickland* "actual prejudice" rule are not applicable here. In general, it is quite true, particularly at trial, that "[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. *** Nor can they be defined with sufficient precision to inform defense attorneys correctly just what conduct to avoid. Representation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 697, 104 S. Ct. at 2067.) The types of errors involved here and in *Evitts*, however, do not come in an infinite variety. The number of procedural defaults which will result in a complete dismissal of a criminal appeal are limited. They can be easily defined with sufficient precision to inform defense attorneys what to avoid, and they are so defined in our rules. This particular phase of representation is no "art," but simply a matter of common sense. Nor can it be said that the omission of something as simple as a notice of appeal could ever be characterized as "brilliant."

I am not alone in this view. (See, *e.g., Jenkins v. Coombe* (2d Cir. 1987), 821 F.2d 158 (merely nominal rep-

resentation on appeal as of right not reasonably effective assistance; rejecting application of *Strickland* standard); *Gray v. Greer* (7th Cir. 1985), 778 F.2d 350 (*Strickland* standard does not apply where counsel failed to raise claims which petitioner requested, and then was permitted to withdraw after filing nonadvocatory brief); *Hollis v. United States* (8th Cir. 1982), 687 F.2d 257, 259 (no showing of actual prejudice required where counsel failed to perfect appeal); *Evans v. Clarke* (D. Neb. 1988), 680 F. Supp. 1351 (*Strickland* standard inapplicable where appellate counsel negligently filed *Anders* brief arguing on behalf of prosecution); *United States v. Gardiner* (D. Me. 1987), 666 F. Supp. 267 (no showing of prejudice required where counsel failed to perfect appeal).) Where the defendant communicates a desire to appeal, counsel's failure to take the necessary procedural steps to file and perfect the appeal constitutes ineffective assistance, irrespective of whether the appeal would actually have succeeded. As the majority's opinion indicates, some, if not all, of these defendants clearly indicated a desire to appeal. Since I believe that application of the *Strickland* standard to their claims would be error, I respectfully concur in part and dissent in part.

JUSTICE STAMOS joins in this partial concurrence and partial dissent.