2021 IL App (1st) 171997-U

FIFTH DIVISION
Order filed: July 30, 2021

No. 1-17-1997

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 09 CR 20483 (1) |
| | ) | |
| | ) | |
| JEFFREY HOLLINGHEAD, | ) | Honorable |
| | ) | William Raines, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal dismissed for want of jurisdiction.

¶ 2    On July 20, 2017, a notice of appeal was filed in this case on behalf of the defendant, Jeffrey Hollinghead. On August 15, 2017, the State Appellate Defender appeared as counsel for the defendant in this appeal. Over 2 years and 8 months later, on May 27, 2020, the State Appellate

Defender filed an initial brief on behalf of the defendant, asserting that this court lacks jurisdiction over the instant appeal. We agree, albeit for reasons other than those asserted by the defendant.

¶ 3    The defendant was charged with three counts of home invasion, nine counts of aggravated kidnapping, and three counts of armed robbery. On January 23, 2014, the defendant pled guilty to one count of aggravated kidnapping and the State moved to *nolle prosequi* the remaining charges. Subsequently, the defendant was sentenced to 15 years' imprisonment to be followed by 3 years of mandatory supervised release. The defendant did not file a direct appeal.

¶ 4    On December 12, 2015, the defendant filed a *pro se* petition pursuant to the Illinois Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)), alleging that his 15-year sentence for aggravated kidnapping was "proportionally arbitrary," and he should have been sentenced under a lesser charge of kidnapping. On February 25, 2016, the circuit court summarily dismissed the defendant's *pro se* postconviction petition as frivolous and patently without merit, and the defendant appealed. The defendant's appointed appellate counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (*Finley* motion), asserting that an appeal would be without arguable merit. This court granted the *Finley* motion allowing the defendant's appointed appellate counsel to withdraw and affirmed the circuit court's summary dismissal of the defendant's *pro se* postconviction petition. *People v. Hollinghead*, (*Hollinghead I*) No. 1-16-0841 (2018) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5    On August 23, 2016, an Assistant Cook County Public Defender filed a series of motions and pleadings on behalf of the defendant. Relevant here were a "Certificate in Support of Motion to Withdraw Guilty Plea 604(D)" (hereinafter referred to as the 604(d) Certificate) and a petition for postconviction relief pursuant to the Act. The postconviction petition argued that the defendant received ineffective assistance of trial counsel, asserting that trial counsel had a conflict of interest.

No motion to withdraw the defendant's guilty plea was ever filed, and no motion to file a successive postconviction petition was ever filed by or on behalf of the defendant. On July 20, 2017, the trial judge orally found that the defendant did not file a motion for a new trial or a motion to withdraw his guilty plea "within the 30-day time frame." The trial judge went on to state: "I am going to make a ruling that that is not timely, and his motion is denied. And this case is now off call." The written notation set forth on the Criminal Disposition Sheet states: "Motion for [*sic*] to withdraw plea denied – not timely off call." There is no order in the record, either oral or written, addressing the postconviction petition filed on August 23, 2016.

¶ 6      On July 20, 2017, a notice of appeal was filed in this case on behalf of the defendant. On August 15, 2017, the State Appellate Defender appeared as counsel for the defendant in this appeal. On May 27, 2020, the State Appellate Defender filed an initial brief on behalf of the defendant, arguing that this court lacks jurisdiction over the instant appeal. The brief asserts that there is no showing that the trial court ever granted leave for the defendant to file a successive postconviction petition or that the trial court ever ruled on the postconviction petition that was filed on August 23, 2016. The defendant argues that the trial court's oral ruling on July 20, 2017, is not a final order, and as a consequence, this court lacks jurisdiction over the instant appeal. There are no arguments in the defendant's brief addressed to the denial of any motion to withdraw the defendant's guilty plea.

¶ 7      The State argues that the circuit court treated the 604(d) Certificate "as a motion to withdraw a guilty plea and properly found that it was untimely." The State acknowledges that the trial court never granted leave for the defendant to file a successive postconviction petition and that the trial court never ruled on the postconviction petition that was filed. According to the State,

the trial court's ruling on what it considered the defendant's motion to withdraw his guilty plea constituted a final judgment that should be affirmed.

¶ 8     In his reply brief, the defendant asserts that his appointed counsel "inadvertently or mistakenly" filed the 604(d) Certificate, which "mimicked the requirements of [Illinois Supreme Court] Rule 651(c)." He contends that the 604(d) Certificate, "for all intents and purposes, served as a 651(c) certificate." According to the defendant, "the circuit court's oral pronouncement on July 20, 2017, was not a 'final judgment' for the purposes [of Illinois Supreme Court] Rules 606(a), (b) and 651(a) because it dismissed what it mistakenly regarded as Hollinghead's motion to withdraw guilty plea (which was never filed), and did not address his post-conviction petition." He concludes that "[b]ecause there was no motion to withdraw guilty plea and the circuit court did not rule on *** [his] post-conviction petition, the July 20, 2017 order was not final and appealable, and this court does not have jurisdiction over *** [his] appeal."

¶ 9     Before addressing the issues in this appeal, we again find it necessary to admonish a litigant's counsel for failure to comply with the requirements for briefs filed with this court. Illinois Supreme Court Rule 341(h)(9) (eff. Nov. 1, 2017) requires that an appellant's brief contain an appendix as required by Rule 342. Illinois Supreme Court Rule 342 (eff. July 1, 2017) requires that the appendix to an appellant's brief contain a copy of the judgment appealed from and a copy of the notice of appeal. The appendix to the defendant's brief in this case contains a copy of the notice of appeal filed on March 21, 2016, which initiated the defendants appeal in *Hollinghead* I. There is no copy of the July 20, 2017 notice of appeal that is relevant to this appeal. The order set forth in the appendix to the defendant's brief is the order denying the defendant's initial postconviction petition that was the subject of the defendant's appeal in *Hollinghead* I. Supreme Court rules "are not suggestions;" rather, they are rules that have the force of law, and the

- 4 -

presumption is that they will be followed as written. *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995). This court has the discretion to strike an appellant's brief for failure to comply with the rules of the supreme court. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. We elect not to do so in this case.

¶ 10     Before addressing our jurisdiction to entertain this appeal, our first task is identifying the order that is the subject of this appeal.

¶ 11     The notice of appeal filed by appointed counsel on July 20, 2017, on behalf of the defendant states that an appeal was taken from "the order or judgment described below." The only reference to an order or judgment following that preface in the notice of appeal states:

> "OFFENSE:  Agg kidnapping/armed
>
> JUDGMENT: GUILTY
>
> SENTENCE: 15 years IDOC
>
> DATE: 1-23-14"

¶ 12     Although notices of appeal are jurisdictional, they are to be liberally construed. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). A notice of appeal is sufficient to confer jurisdiction on the appellate court " 'when it fairly and adequately sets out the judgment complained of and the relief sought advising the successful litigant of the nature of the appeal.' " *Id.* at 105 (quoting *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 229 (1991)).

¶ 13     The notice of appeal filed in this case cannot be said to adequately inform anyone that the judgment or order complained of was the trial court's order of July 20, 2017. The notice of appeal not only failed to even mention the trial court's order of July 20, 2017, the only judgment that is mentioned is the conviction order of January 23, 2014. Further, there is no indication in the record that a motion was ever made to amend the notice of appeal pursuant to Illinois Supreme Court

Rule 606(c) (eff. July 1, 2017) to include any order or judgment other than the January 23, 2014, conviction order.

¶ 14     As noted earlier, the defendant pled guilty to one count of aggravated kidnapping and was sentenced to 15 years' imprisonment to be followed by 3 years of mandatory supervised release. The defendant never filed a motion to withdraw his guilty plea and vacate the judgment of conviction.

¶ 15     Illinois Supreme Court Rule 604(d) provides, in relevant part, that:

> "No appeal from a judgment entered on a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if a plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R 604(d) (eff. Feb. 6, 2013).

¶ 16     Compliance with Illinois Supreme Court Rule 604(d) is a condition precedent to an appeal from a judgment entered on a plea of guilty. *People v. Wilk*, 124 Ill. 2d 93, 107 (1988). Absent compliance with the requirement that a defendant file a timely motion to withdraw the plea of guilty and to vacate the judgment entered thereon, this court lacks jurisdiction to entertain an appeal from a judgment entered on such a plea. *Id.* Consequently, this court has no jurisdiction to entertain an appeal from the only judgment described in the notice of appeal filed in this case on July 20, 2017.

¶ 17     Based upon the foregoing analysis, we dismiss this appeal for want of jurisdiction.

¶ 18     Dismissed.