# Illinois Official Reports

## Appellate Court

---

### *People v. Talavera*, 2021 IL App (4th) 190200

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN TALAVERA, Defendant-Appellant. |
| District & No. | Fourth District<br>No. 4-19-0200 |
| Filed | September 27, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Livingston County, No. 18-CF-304; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| Judgment | Remanded with directions. |
| Counsel on Appeal | James E. Chadd, Catherine K. Hart, and Sheril J. Varughese, of State Appellate Defender's Office, of Springfield, for appellant.<br><br>Randy Yedinak, State's Attorney, of Pontiac (Patrick Delfino, David J. Robinson, and Linda S. McClain, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.<br>Justices Turner and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1        After being charged with two counts of aggravated battery and two counts of domestic battery, defendant, John Talavera, reached a plea agreement with the State in which he agreed to plead guilty to the two counts of aggravated battery in exchange for the State agreeing to move to dismiss the two counts of domestic battery and to recommend a sentence of no more than nine years in prison. At a hearing, the plea agreement was set forth on the record. After confirming his understanding of the agreement and the rights he was giving up if he pleaded guilty, defendant expressed his desire to plead guilty to the two counts of aggravated battery. The circuit court accepted defendant's pleas of guilty and, on motion of the State, dismissed the two counts of domestic battery.

¶ 2        One month after accepting defendant's pleas of guilty, the circuit court conducted a sentencing hearing at which the State, over no objection, recommended defendant be sentenced to extended-term sentences of 10 years in prison. The circuit court then, after making a general finding that defendant was eligible for extended-term sentences, stated, "the State's recommendation is reasonable," and sentenced defendant to two concurrently imposed extended terms of 10 years in prison. The court admonished defendant about his right to appeal and stated, in part, "Prior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking to have the [c]ourt reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion." Defendant then filed a written motion asking to have the court reconsider the sentences imposed, which the court denied.

¶ 3        Defendant now appeals from the circuit court's denial of his postplea motion, arguing we should vacate his sentences and remand for a new sentencing hearing because (1) the court improperly imposed extended-term sentences based upon a conviction for a lesser class felony and the record fails to otherwise show he had a prior conviction that qualified him for extended-term sentences and (2) the State breached the plea agreement by recommending a sentence beyond that which it previously agreed to recommend. Defendant acknowledges his failure to raise these issues below results in their forfeiture for purposes of appeal, but he requests the issues be reviewed under the plain error doctrine or as a matter of ineffective assistance of counsel.

¶ 4        The circuit court failed to properly admonish defendant of his need to file a motion to withdraw the pleas of guilty and vacate the judgment prior to taking an appeal, and defendant failed to file the necessary motion. Such a case would ordinarily be remanded with directions for the circuit court to properly admonish defendant and then allow such further proceedings as may be warranted. This case requires a somewhat different approach.

¶ 5                                    I. BACKGROUND

¶ 6        In October 2018, the State charged defendant by information with two counts of aggravated battery (720 ILCS 5/12-3.05(d)(4)(i) (West 2016)), a Class 2 felony, and two counts of domestic battery (720 ILCS 5/12-3.2(a)(1), (a)(2) (West 2016)). The two counts of aggravated battery alleged defendant was subject to extended-term sentences of up to 14 years in prison based upon a 2015 Class 3 felony aggravated battery conviction. At defendant's arraignment that same month, the State, in reviewing defendant's convictions for the purposes of a bond recommendation, noted defendant had a 2010 "aggravated domestic battery, Class 2."

¶ 7 In November 2018, defendant filed a motion to reduce his bond. At a hearing on defendant's motion, the State again noted defendant had a 2010 "aggravated domestic battery, a Class 2."

¶ 8 In January 2019, the circuit court was informed defendant and the State had reached a plea agreement. At a hearing, the plea agreement was set forth on the record. Under the agreement, defendant agreed to plead guilty to the two counts of aggravated battery in exchange for the State agreeing to move to dismiss the two counts of domestic battery and recommend defendant be sentenced to no more than nine years in prison. The court examined defendant about his understanding of the agreement and the rights he was giving up if he pleaded guilty. Defendant indicated he understood and expressed his desire to plead guilty to the two counts of aggravated battery. After hearing a supporting factual basis, the court accepted defendant's pleas of guilty and, on motion of the State, dismissed the two counts of domestic battery. The court then ordered the preparation of a presentence investigation report (PSI).

¶ 9 In February 2019, the circuit court held a sentencing hearing. The court received a PSI, which detailed defendant's prior convictions and sentences. The PSI indicates defendant had aggravated battery convictions in 2015 and 2010, both of which were Class 3 felonies. The State, over no objection, recommended defendant be sentenced to extended-term sentences of 10 years in prison. After making a general finding that defendant was eligible for extended-term sentences and reviewing the facts and circumstances of the offenses and the statutory factors in aggravation and mitigation, the court stated, "the State's recommendation is reasonable," and then sentenced defendant to two concurrently imposed extended terms of 10 years in prison. After rendering the sentences, the court admonished defendant about his right to appeal and stated, in part, "Prior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking to have the [c]ourt reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion."

¶ 10 In March 2019, defendant filed a written motion asking to have the circuit court reconsider the sentences imposed. In his motion, defendant asserted his sentences were "unduly harsh and punitive in consideration of all of the matters placed in evidence at the trial and sentencing hearing, and in respect of the factors in mitigations which apply in this cause." That same month, defense counsel filed a certificate indicating he "examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing" and "made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

¶ 11 In April 2019, the circuit court held a hearing on defendant's postplea motion. During the hearing, defense counsel stated, "We understand [the sentences were] within the allowable statutory guidelines, but we believe that the [c]ourt did not make the following or put enough weight on [certain] mitigating factors in reaching its conclusion." After hearing from the defense and the State, the court denied defendant's motion.

¶ 12 This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14 On appeal, defendant argues we should vacate his sentences and remand for a new sentencing hearing because (1) the circuit court improperly imposed extended-term sentences based upon a conviction for a lesser class felony and the record fails to show he had a prior

conviction that qualified him for extended-term sentences and (2) the State breached the plea agreement by recommending a sentence beyond that which it previously agreed to recommend. Defendant acknowledges his failure to raise these issues below results in their forfeiture for purposes of appeal, but he requests the issues be reviewed under the plain error doctrine or as a matter of ineffective assistance of counsel.

¶ 15 In response, the State raises a threshold issue—whether defendant's failure to file a motion to withdraw the pleas of guilty and vacate the judgment precludes this court from considering defendant's appeal on the merits and, if so, whether the appeal should be dismissed or the matter remanded for further proceedings. The State argues, because defendant entered negotiated pleas of guilty, he was required to file a motion to withdraw the pleas of guilty and vacate the judgment prior to taking any appeal challenging his sentences as excessive and his failure to do so precludes this court from considering the appeal on the merits. The State further argues, because the circuit court did not properly admonish defendant of his need to file a motion to withdraw the pleas of guilty and vacate the judgment prior to taking an appeal, the matter should be remanded for the court to properly admonish defendant.

¶ 16 In reply, defendant argues this court may consider his appeal because he was not required to file a motion to withdraw the pleas of guilty and vacate the judgment prior to taking any appeal challenging his sentences where (1) the State breached the plea agreement with him, (2) the circuit court imposed a sentence that exceeded the sentencing cap, and (3) his pleas transformed into open pleas during the sentencing hearing. We note there was not a sentencing cap but an agreement on a sentencing recommendation.

¶ 17 In the 1970s, our supreme court discovered a large number of criminal appeals involved pleas of guilty and many of the errors complained of in those appeals would have been easily corrected had they first been brought to the attention of the circuit court. *People v. Wilk*, 124 Ill. 2d 93, 106, 529 N.E.2d 218, 222-23 (1988). As a result, Illinois Supreme Court Rule 604(d) (eff. July 1, 1975) was promulgated. Rule 604(d) was specifically "designed to eliminate needless trips to the appellate court and to give the [circuit] court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed." *Wilk*, 124 Ill. 2d at 106.

¶ 18 However, a rule specifically adopted to deal with a negotiated plea does not apply when the State did not fully abide by the terms of the negotiated plea agreement.

¶ 19 Rule 604(d) contemplates there is a plea agreement the State will abide by. Here, the State recommended 10 years rather than 9. We do not know why the State reneged on the agreement. We do not know why defense counsel did not object. We do not know why defense counsel failed to note this mistake in the motion to reconsider. We do not know why defense counsel's motion to reconsider asserted his sentences were unduly harsh and punitive. We do not know why the trial court failed to ask for an explanation from the State for the abandonment of the negotiated plea agreement.

¶ 20 The State breached the agreement, defense counsel was ineffective, and the trial court did not recognize the breach. Of course, defense counsel was remiss in not bringing the breach to the trial court's attention.

¶ 21 We recognize Illinois Supreme Court rules are not mere suggestions, and an argument can be made Rule 604(d) applies even in these circumstances. However, to apply Rule 604(d) to this case compounds the errors already made.

¶ 22 Defendant has the right to receive the benefit of his plea bargain. "[W]hen a plea rests in any significant degree on a promise or agreement with the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The benefit in this case is the State's promise to recommend a nine-year sentence.

## III. CONCLUSION

¶ 24 We remand the matter with directions for the trial court to conduct a new sentencing hearing. At that hearing, the State must both honor the agreement and establish the existence of a qualifying conviction to impose extended-term sentences. New counsel should be appointed for defendant. After these matters have been addressed, the trial should then properly admonish defendant of his appeal rights.

¶ 25 Remanded with directions.